IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARIA ANTONIA PRECIADO, #21181-041,<br><br>Petitioner,<br><br>v.<br><br>WARDEN ESTELA DERR,<br><br>Respondent. | CIVIL NO. 22-00523 JMS-WRP<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS 28 U.S.C. § 2241, ECF NO. 1** |

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS 28 U.S.C. § 2241, ECF NO. 1**

On December 19, 2022, the court received pro se Petitioner Maria Antonia Preciado's ("Preciado") Petition for Writ of Habeas Corpus 28 U.S.C. § 2241 ("Petition"). ECF No. 1. In the Petition, Preciado argues that the Bureau of Prisons ("BOP") wrongfully deemed her ineligible for First Step Act earned time credits because she is subject to an immigration detainer. *See id.* at PageID.2. Preciado seeks a court order directing the BOP to apply her time credits. *Id.*

Respondent Estela Derr[1] ("Derr"), the warden at the Federal Detention Center in Honolulu, Hawaii ("FDC Honolulu"), argues, among other

---

[1] Although Preciado spelled Respondent's name "Estelle" in the Petition, ECF No. 1 at PageID.1, Derr corrected the spelling of her name to "Estela" in the Response, ECF No. 12 at PageID.27.

things, that the Petition should be dismissed as moot because the BOP applied the maximum amount of time credits to Preciado's early release on March 25, 2023, ECF No. 12 at PageID.30, and Preciado was released from BOP custody on March 31, 2023, ECF No. 14 at PageID.55.[2]  The court agrees with Derr that Preciado's claim is now moot.  The Petition, ECF No. 1, is DISMISSED without prejudice, but without leave to amend.

## I. **BACKGROUND**

On May 4, 2018, Preciado pleaded guilty in the United States District Court for the District of Minnesota to possession with intent to distribute methamphetamine, in violation of 18 U.S.C. § 2, and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A).  *See* Plea Agreement and Sentencing Stipulations, *United States v. Preciado*, No. 0:17-cr-00150-SRN-FLN (D. Minn. May 4, 2018), ECF No. 90.  On September 28, 2018, Preciado was sentenced to 96 months' imprisonment and three years' supervised release.  *See* Judgment in a Criminal Case, *Preciado*, No. 0:17-cr-00150-SRN-FLN (D. Minn. Sept. 28, 2018), ECF No. 121.

On December 14, 2022, Preciado signed the Petition.  ECF No. 1 at PageID.3.  In the Petition, Preciado asserts that the BOP wrongfully deemed her

---

[2] Derr also argues that the Petition should be dismissed because Preciado failed to exhaust administrative remedies.  ECF No. 12 at PageID.30–PageID.33.  Given the court's conclusion that the Petition must be dismissed because it is moot, the court does not reach Derr's non-jurisdictional exhaustion argument.

2

ineligible for First Step Act ("FSA") earned time credits because she is subject to an immigration detainer. *See id.* at PageID.2. According to Preciado, the BOP refused to apply her time credits because of a "policy" that had been in place at the time. *Id.*

Derr filed her Response on March 30, 2023. ECF No. 12. In the Response, Derr argues, among other things, that the Petition should be dismissed as moot because, on March 25, 2023, "the BOP applied 365 days of FSA time credits towards [Preciado's] early release." *Id.* at PageID.30. Derr also stated that Preciado would be released from BOP custody on March 31, 2023. *Id.*

On April 28, 2023, the court directed Derr to submit a written update addressing Preciado's custody status. ECF No. 13. The same day, Derr stated in writing that Preciado was released from BOP custody on March 31, 2023. ECF No. 14 at PageID.55. Derr also noted that Preciado remains detained at FDC Honolulu in the custody of the United States Immigration and Customs Enforcement, while she awaits removal. *Id.*; *see also* Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (select "Find By Number"; enter "21181-041"; and select "Search") (last visited May 17, 2023).

Preciado did not file an optional Reply by the April 27, 2023 deadline set by the court. *See* ECF No. 11. Pursuant to Local Rule 7.1(d), the court elects to decide the Petition without a hearing.

## II.  DISCUSSION

In the Petition, Preciado asserts that the BOP wrongfully deemed her ineligible for First Step Act earned time credits because she is subject to an immigration detainer.  *See* ECF No. 1 at PageID.2.  Derr argues that the Petition should be dismissed as moot because the BOP applied the maximum amount of time credits to Preciado's early release on March 25, 2023, ECF No. 12 at PageID.30, and Preciado was released from BOP custody on March 31, 2023, ECF No. 14 at PageID.55.  For the following reasons, the court agrees with Derr that the Petition is now moot.

"The case or controversy requirement of Article III . . . deprives federal courts of jurisdiction to hear moot cases."  *Native Vill. of Nuiqsut v. Bureau of Land Mgmt.*, 9 F.4th 1201, 1208 (9th Cir. 2021) (internal quotation marks and citation omitted).  "A claim is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."  *Pizzuto v. Tewalt*, 997 F.3d 893, 903 (9th Cir. 2021) (internal quotation marks and citation omitted); *see also Cuviello v. City of Vallejo*, 944 F.3d 816, 824 (9th Cir. 2019) ("When subsequent events resolve the dispute, such that no live issues remain or the parties lack a legally cognizable interest in the outcome, a case becomes moot.") (citation omitted).  "A case that becomes moot at any point during the proceedings is 'no longer a "Case" or "Controversy" for purposes of Article III,' and is outside the

jurisdiction of the federal courts." *United States v. Sanchez-Gomez*, 138 S.Ct. 1532, 1537 (2018) (citation omitted).

Under 18 U.S.C. § 3632(d)(4)(A), federal prisoners may be eligible to earn time credits for successfully completing evidence-based recidivism reduction programming or productive activities. Time credits earned under 18 U.S.C. § 3632(d)(4) "shall be applied toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C). In general, the BOP can authorize prerelease custody—that is, home confinement or placement at a residential reentry center—for a period "not to exceed 12 months." 18 U.S.C. § 3624(c)(1). Similarly, the BOP may transfer a prisoner "to supervised release no earlier than 12 months before the date that transfer to supervised release would otherwise have occurred." 28 C.F.R. § 523.44(d)(3); *see also* 18 U.S.C. § 3624(g)(3).

Section 3632 states that certain prisoners are statutorily ineligible to apply earned time credits. For example, federal prisoners who are "subject to a final order of removal under any provision of the immigration laws" cannot apply earned time credits. 18 U.S.C. § 3632(d)(4)(E)(i); *see also* 28 C.F.R. § 523.44(a)(2) (stating that, for any prisoner who is "[s]ubject to a final order of removal under immigration laws as defined in 8 U.S.C. 1101(a)(17) (*see* 18 U.S.C. 3632(d)(4)(E)), the [BOP] may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release").

5

On November 18, 2022, the BOP issued Program Statement 5410.01, *First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)*. *See* Federal Bureau of Prisons, https://www.bop.gov/policy/progstat/5410_01.pdf (last visited May 17, 2023). Program Statement 5410.01 expanded 18 U.S.C. § 3632(d)(4)(E)(i)'s limitation relating to prisoners subject to a "final order of removal" to include prisoners with "unresolved immigration status." *Id.* at 13. Specifically, as originally written, Program Statement 5410.01 stated that although "inmates with unresolved pending charges and/or detainers may earn [time credits] . . . they will be unable to apply them to prerelease custody or release to supervision unless the charges and/or detainers are resolved." *Id.* Program Statement 5410.01 further stated that "[a]n inmate with an unresolved immigration status will be treated as if he/she has unresolved pending charges with regard to the application of [time credits]." *Id.* In addition, Program Statement 5410.01 stated that up to 365 days of earned time credits would be automatically applied to early release for prisoners who meet six criteria, including having "no detainers or unresolved charges, to include unresolved immigration status." *Id.* at 16. Because of these portions of Program Statement 5410.01, prisoners with immigration detainers, even if they were not subject to a final order of removal, could not apply earned time credits. *See Garrido v. Warden, FCI-Mendota*, 2023

6

WL 2587894, at *5 (E.D. Cal. Mar. 21, 2023) (noting that, prior to February 6, 2023, inmates with detainers could not apply earned time credits).

On February 6, 2023, however, the BOP issued Change Notice 5410.01.  *See* Bureau of Prisons, https://www.bop.gov/policy/progstat/ 5410.01_cn.pdf (last visited May 17, 2023).  Change Notice 5410.01 struck from Program Statement 5410.01, among other things, the language relating to prisoners with "unresolved immigration status." *Id.* at 2.  As a result of Change Notice 5410.01, federal prisoners subject to immigration detainers are no longer automatically prohibited from applying their earned time credits.  *See Garrido*, 2023 WL 2587894, at *5 ("Petitioner is no longer barred from earning FTCs and having them applied to his sentence due to the detainer.").

Preciado signed the Petition on December 14, 2022—that is, after the original Program Statement 5410.01 was issued, but before Change Notice 5410.01 was approved.  After issuing Change Notice 5410.01, the BOP applied the maximum amount of time credits—that is, 365 days—to Preciado's early release.  *See* ECF No. 12 at PageID.30; ECF No. 12-1 at PageID.39.  Preciado was released from BOP custody on March 31, 2023.  *See* ECF No. 14 at PageID.55; ECF No. 14-1 at PageID.58.

Because Preciado received all her requested relief—that is, application of her earned time credits—and she has been released from BOP

7

custody, the Petition is moot. *See Sila v. Warden*, 2023 WL 2504476, at *2–3 (C.D. Cal. Feb. 13, 2023) (dismissing as moot habeas petition seeking application of time credits by federal prisoner with immigration detainer after prisoner was released), *report and recommendation adopted*, 2023 WL 2504989 (C.D. Cal. Mar. 13, 2023); *see also De Oliveira v. Jacquez*, 2023 WL 2874057, at *1 (W.D. Wash. Mar. 24, 2023) ("Petitioner's release from BOP custody leaves no collateral consequence the Court can redress because Petitioner's release is the entirely of the relief that Petitioner has sought."), *report and recommendation adopted sub nom. Oliveira v. Jacquez*, 2023 WL 2864996 (W.D. Wash. Apr. 7, 2023).

### III. CONCLUSION

1. The specific issue presented in the Petition—that is, Preciado's eligibility to apply good time credits despite her immigration detainer—has been resolved in Preciado's favor. The BOP applied the maximum amount of time credits to Preciado's early release, and she has been released from BOP custody. Thus, there is no longer a concrete case or controversy. The Petition is therefore DISMISSED without prejudice, but without leave to amend.

//

//

//

//

2. The Clerk is DIRECTED to enter judgment and close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 17, 2023.



/s/ J. Michael Seabright

J. Michael Seabright
United States District Judge

*Preciado v. Derr*, Civ. No. 22-00523 JMS-WRP, Order Dismissing Petition for Writ of Habeas Corpus 28 U.S.C. § 2241, ECF No. 1